**Fagele benMIRIAM, Plaintiff,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, et al., Defendants.**

**No. C–85–1263–D.**

United States District Court, M.D. North Carolina, Durham Division.

Nov. 7, 1986.

Carolyn McAllaster, Durham, N.C., for plaintiff.

Benjamin H. White, Jr., Asst. U.S. Atty., Greensboro, N.C., for defendants.

## MEMORANDUM OPINION AND ORDER

ERWIN, District Judge.

This matter is before the court on motion by the Government to dismiss for failure to state a claim upon which relief can be granted and for want of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). The parties have briefed the issues, and the matter is now ready for a ruling.

### Facts

Plaintiff, a clerk-typist at the National Institute of Environmental Health Sciences in Research Triangle Park, North Carolina complains that the use of the abbreviation "A.D." on the government's Appointment Affidavit, Form SF–61, violates his First Amendment right to free exercise of religion, his Fifth Amendment right to equal protection, and his rights protected under 42 U.S.C. § 2000e *et seq.* Plaintiff is a member of the Jewish faith. He contends that the use of the abbreviation "A.D." forces him to subscribe to the Christian dating system, thus violating his right to religious freedom. The court cannot agree.

### Discussion

Chief Justice Warren spoke for the court when he wrote, "Compulsion by law of the acceptance of any creed or the practice of any form of worship is strictly forbidden. The freedom to hold religious beliefs and opinions is absolute." *Braunfeld v. Brown,* 366 U.S. 599, 603, 81 S.Ct. 1144, 1146, 6 L.Ed.2d 563, *reh'g denied,* 368 U.S. 869, 82 S.Ct. 22, 7 L.Ed.2d 70 (1961). The *Braunfeld* court noted, "However, the freedom to act, even when the action is in accord with one's religious convictions, is not totally free from legislative restrictions." *Id.*

The abbreviation "A.D." stands for the Latin phrase *Anno Domini,* meaning in the year of our Lord. *Black's Law Dictionary* 34 (rev. 5th ed. 1979). On SF 61, "A.D." traces its evolutionary lineage directly back to legislative action. The Appointment Affidavit, Form SF–61, exists because Congress requires documentation of the appointment of government employees. Yet, despite the obvious governmental involvement in the origin of the abbreviation on the form in question, the religious impact of the abbreviation is negligible. Form SF–61 "does not make criminal the holding of any religious belief or opinion, nor does it force anyone to embrace any religious belief or to say or believe anything in conflict with his religious tenets." *Braunfeld,* 366 U.S. at 603, 81 S.Ct. at 1146.

■ The court takes judicial notice that the Constitution, the very document plaintiff relies upon, contains the phrase "in the Year of our Lord." U.S. Const. signatory. Plaintiff thus asks the court to order the government to strike from its official Form SF–61 an abbreviation of a phrase which appears in the highest law of the land, the Constitution, wherein the right to free exercise of religion is established. This the court cannot do.

■ The court finds the use of the abbreviation in question by the government on official Form SF–61 to be a constitutionally permissible chronological referent. The abbreviation, "A.D.," as used on SF–61 has a purely secular usage. The court finds that the extended use of "A.D." through recent centuries as an annual or chronological reference point and its incorporation into the Constitution have worked to evolve the term into an entirely secular designation in the context of its appearance on SF–61.

This is a free exercise case. There has been some Supreme Court analysis of such terms and phrases as the one plaintiff objects to, but they have come in the area of establishment.

As we said in *McGowan v. Maryland,* 366 U.S. 420, 442, [81 S.Ct. 1101, 1113, 6 L.Ed.2d 393] "The 'Establishment' Clause does not ban federal or state regulation of conduct whose reason or effect merely happens to coincide or harmonize with the tenets of some or all religions." This rationale suggests that the use of

the motto "In God We Trust" on currency, on documents and public buildings and the like may not offend the clause. It is not that the use of those four words can be dismissed as "de minimis"—for I suspect there would be intense opposition to the abandonment of that motto. The truth is that we have simply interwoven the motto so deeply into the fabric of our civil polity that its present use may well not present that type of involvement which the First Amendment prohibits.

*Abington School District v. Schempp*, 374 U.S. 203, 303, 83 S.Ct. 1560, 1614, 10 L.Ed.2d 844 (1963) (Brennan, J., concurring). Justice Brennan reiterated his views recently:

I frankly do not know what should be the proper disposition of features of our public life such as "God save the United States and this Honorable Court," "In God We Trust," "One Nation Under God," and the like. I might well adhere to the view expressed in *Schempp* that such mottos are consistent with the Establishment Clause, not because their import is *de minimis,* but because they have lost any true religious significance.

*Marsh v. Chambers*, 463 U.S. 783, 818, 103 S.Ct. 3330, 3349, 77 L.Ed.2d 1019 (1983) (Brennan, J., dissenting).

■ In determining whether a free exercise violation has occurred, the court must consider a three-prong test. *E.E.O.C. v. Pacific Press Publishing Ass'n,* 676 F.2d 1272, 1279 (9th Cir.1982). The court must weigh three factors: the magnitude of the impact upon the exercise of the religious belief; the existence of a compelling state interest justifying the burden imposed on the exercise of the religious belief; and the extent to which recognition of an exemption would impede the objectives sought to be advanced by the state. *See id. See also Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).

■ As the court holds today that the designation "A.D." has a purely secular impact in the context of SF–61, the court can only conclude that the impact upon the exercise of plaintiff's religious belief is so minimal as to be nonexistent. Therefore, there is no burden imposed on the exercise of plaintiff's religious belief and, consequently, no need to require the government to put forward a compelling state interest. Finally, there is no need for an exemption. Plaintiff has created his own exemption by simply striking out the offending abbreviation on his SF–61, and this action is not an issue in the lawsuit.

The court takes its duty to safeguard the religious freedom of the citizens of the nation with extreme seriousness.

Just as the right to speak and the right to refrain from speaking are complimentary components of a broader concept of individual freedom of mind, so also the individual's freedom to choose his own creed is the counterpart of his right to refrain from accepting the creed established by the majority. At one time it was thought that this right merely proscribed the preference of one Christian sect over another, but would not require equal respect for the conscience of the infidel, the atheist, or the adherent of a non-Christian faith such as Mohammedism or Judaism. But when the underlying principle has been examined in the crucible of litigation, the Court has unambiguously concluded that the individual freedom of conscience protected by the First Amendment embraces the right to select any religious faith or none at all.

*Wallace v. Jaffree*, 472 U.S. 38, 52, 105 S.Ct. 2479, 2488, 86 L.Ed.2d 29 (1985). After a careful review of the record, the court cannot find that plaintiff's complaint states a claim upon which relief can be granted. Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's complaint is dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Costs are to be borne by each party. A Judgment dismissing this matter with prejudice will be filed contemporaneously herewith.